```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

MELINDA NAMENSON                )
AND BRUCE NAMENSON              )
        Plaintiffs,             )
                                )
     v.                         )    C.A. No. 09-12180-NMG
                                )
LEN WEISS, et al.,              )
        Defendants.             )
```

MEMORANDUM AND ORDER

For the reasons set forth below: (1) Plaintiffs' Motion for Temporary Restraining Order (#2) is denied without prejudice; (2) Bruce Namenson's Petition for Habeas Corpus (#3) is denied; (4) Bruce Namenson's Motion for Leave to Proceed in forma pauperis (#4) is allowed; (5) assessment of an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) is deferred until the Court receives a copy of Bruce Namenson's prison account statement; (6) Melinda Namenson shall file an Application to Proceed in District Court without Prepaying Fees or Costs; (7) the Clerk shall issue summons for service of the defendants with all costs of service to be advance by the United States; and (8) the defendants are required to respond to the complaint.

DISCUSSION

Pro se plaintiffs Melinda Namenson of Walpole, Massachusetts, and Bruce Namenson, now an inmate at the Dedham County House of Correction, have filed a complaint naming as defendants several banks and mortgage companies. Plaintiffs

1

challenge the defendants' lending practices and allege violations of the Truth in Lending Act (TILA), the Real Estate Settlement Procedure Act (RESPA) as well as other federal and state statutes.

Now before the Court are plaintiffs' Motion for Temporary Restraining Order (#2), Bruce Namenson's Petition for Habeas Corpus (#3), and Bruce Namenson's Motion for Leave to Proceed in forma pauperis (#4). Because of the unavailability of the assigned judge, these motions have been forwarded to the undersigned for review.

A. The Filing Fee

Generally, a party bringing a civil action must either (1) pay the $350.00 filing fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).[1] Where, however, there are multiple plaintiffs in a single civil action (as is the case here), the filing fee requirements are affected and the practice of this Court has been to apportion equally the filing fee. Under the Court's standard practice, each plaintiff would be required to pay $175.00 toward the filing fee (or seek a waiver of that amount), in order to satisfy the $350.00 filing

---

[1] Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. 28 U.S.C. §1915(a)(2).

fee requirement.

Here, Melinda Namenson failed file a motion to proceed in forma pauperis and she will be granted additional time to do so. Although Bruce Namenson has filed such a request, he failed to failed to provide a certified prison account statement.  The Court will allow Bruce Namenson's motion and will grant him additional time to file a copy of his prison account statement so that the Court may assess an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Failure of either plaintiff to comply with this directive may result in a dismissal of their claims from this action without prejudice.

      B.   <u>The Motion for Temporary Restraining Order</u>

Plaintiffs filed a one-page motion for Temporary Restraining Order seeking to enjoin the defendants from proceeding with any foreclosure action against plaintiff's property located at 12 Starlight Drive, Walpole, Massachusetts.  To obtain the extraordinary remedy of preliminary injunctive relief, plaintiffs must show that: (1) they will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) they are likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. <u>Planned Parenthood League of Mass. v. Bellotti</u>, 641 F.2d 1006, 1009 (1st Cir. 1981); <u>see</u> <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop</u>, 839 F. Supp. 68, 70 (D. Mass.

1993) (extending four part preliminary injunction test to temporary restraining orders).

A party seeking an ex parte temporary restraining order must also allege, in an affidavit or verified complaint, that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. The party's attorney (or the party themselves, if proceeding pro se as here) must certify to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Here, Plaintiffs have not certified their efforts to give notice to the named defendants in this action. This failure provides a basis for denial of the motion. See, e.g., Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties). Thus, the Court will deny Plaintiffs' Motion for Temporary Restraining Order without prejudice.

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED:

1. Plaintiffs' Motion for Temporary Restraining Order (#2) is denied without prejudice;

2. Bruce Namenson's Petition for Habeas Corpus (#3) is denied;

3.   Plaintiff Bruce Namenson's Motion to Proceed In Forma Pauperis (#4) is allowed;

4.   Plaintiff Bruce Namenson, within 21 days of the date of this Order, shall file a copy of his prison account statement. Failure of Bruce Namenson to comply with this directive may result in a dismissal of his claims from this action;

5.   The Clerk send a copy of this Order to the Treasurer's Office at the prison facility in which Bruce Namenson is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed, as well as the average monthly balance for that same period;

6.   Plaintiff Melinda Namenson, within 21 days of this Order, either shall (1) pay the $175.00 portion of the filing fee; or (2) file an Application to Proceed in District Court without Prepaying Fees or Costs. Failure of Melinda Namenson to comply with this directive may result in a dismissal of her claims from this action;

7.   The Clerk shall issue summonses for service of the defendants. The plaintiffs may elect to have service made by the United States Marshal. If directed by the plaintiffs to do so, the United States Marshal shall serve a copy of the summons, the complaint, and this Order upon the defendants, in the manner directed by the plaintiffs, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiffs shall have 120 days from the date of this Order to complete service.

8.   The defendants are required to respond to the complaint. <u>See</u> 42 U.S.C. § 1997e(g)(2).

SO ORDERED.

 December 28, 2009               /s/ Joseph L. Tauro
DATE                             JOSEPH L. TAURO
                                 UNITED STATES DISTRICT JUDGE

5