UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

CIVIL DOCKET NO:

1:09-CV-12180-NMG

MELINDA NAMENSON,
BRUCE NAMENSON,
          PLAINTIFFS

v.

LEN WEISS, et al.,
          DEFENDANTS.

PLAINTIFF'S AFFIDAVIT IN SUPPORT OF APPLICATION
FOR TEMPORARY RESTRAINING ORDER AND SUPPORT OF
EFFORTS TO NOTICE DEFENDANTS

       NOW COMES THE PLAINTIFFS IN THE
ABOVE REFERENCED ACTION AND UPON OATH HEREBY
STATE THE FOLLOWING:

1. THAT ON DECEMBER 15, 2009, PLAINTIFFS FILED
   A COMPLAINT AGAINST DEFENDANTS;

2. THAT A MOTION FOR TEMPORARY RESTRAINING
   ORDER WAS ENTERED BY THE COURT ON
   DECEMBER 15, 2009;

3. THAT THE LOSS TO PLAINTIFFS IS IMMEDIATE AND IRREPARABLE IN THAT PLAINTIFFS HOME IS DUE TO BE SOLD VIA FORECLOSURE SALE ON JANUARY 4, 2010;

4. THAT THERE IS INSUFFICIENT TIME TO PRESENT NOTICE OF THIS MOTION TO THE DEFENDANT GIVEN THE PENDENCY AND IMMEDIACY OF THE SALE OF THE SUBJECT PROPERTY;

5. THAT PLAINTIFF HAS MADE NUMEROUS EFFORTS, AS OUTLINED IN EXHIBIT 1 (HARDSHIP STATEMENT) ACCOMPANYING THE SUBJECT COMPLAINT, TO OBTAIN A MODIFICATION BUT DEFENDANT WASHINGTON MUTUAL/CHASE HAS INFORMED PLAINTIFF THAT A POSTPONEMENT OF SAID FORECLOSURE SALE WILL NOT BE GRANTED, IF AT ALL, FOR 72 HOURS PRIOR TO SAID SALE DATE;

6. THAT UPON DISCOVERY OF SAID FACT, PLAINTIFFS FILED THE SUBJECT COMPLAINT WITH NO TIME PRACTICABLE FOR NOTICE OF DEFENDANT(S);

7. THAT IRREPARABLE HARM WILL RESULT IN THE COURTS DENIAL OF SAID MOTION IN THAT THE DEFENDANT ABSENT

AN ORDER WILL PROCEED WITH SAID SALE;

8. THAT THE INJURY TO PLAINTIFFS, i.e. THE LOSS OF THEIR RESIDENCE, SERIOUSLY OUTWEIGHS THE HARM TO THE DEFENDANT, i.e. LACK OF NOTICE AND ULTIMATELY DEFENDANTS WILL BE PROVIDED AN OPPORTUNITY TO BE HEARD HOWEVER PLAINTIFFS WILL FOREVER LOSE THEIR HOME;

9. THAT PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THE UNDERLYING CASE IN THAT MATERIAL MISREPRESENTATIONS AND FRAUD WERE USED IN THE ACQUISITION OF PLAINTIFFS' LOAN FOR SURREPTITIOUS PURPOSES AND SOLELY FOR THE BENEFIT OF DEFENDANTS AND INVESTORS;

10. THAT THE (TRO) DOES NOT ONLY NOT ADVERSELY AFFECT PUBLIC INTEREST, IT SERVES THE PUBLIC INTEREST AS A DETERRENT TO HELP PREVENT FUTURE FRAUDULENTLY OBTAINED LOANS.

SIGNED UNDER THE PENALTIES OF PERJURY.

DATED: 12-28-09

CERTIFICATE OF NOTICE

I, BRUCE NAMENSON, PLAINTIFF IN THE
ABOVE REFERENCED MATTER HEREBY CERTIFY
THAT ANY EFFORTS TO NOTIFY DEFENDANTS
WOULD HAVE RESULTED IN IRREPARABLE
AND IRREVERSIBLE HARM IN THAT
BY THE TIME NOTICE AND A HEARING
WAS SCHEDULED, PLAINTIFF'S HOME
WOULD HAVE BEEN THE SUBJECT OF A
FORECLOSURE SALE. PLAINTIFFS HAVE SOUGHT
MODIFICATION OF SAID LOAN BUT DID
NOT FILE THIS ACTION UNTIL THEY WERE
ADVISED THAT A DECISION TO POSTPONE
SAID SALE WOULD NOT BE MADE UNTIL
7± HOURS PRE SALE DATE & HEREBY MAKING
NOTICE NOT ONLY IMPRACTICABLE BUT
WOULD HAVE RESULTED IN IRRETRIEVABLE
HARM TO PLAINTIFFS.

SIGNED UNDER PENALTIES OF PERJURY

DATED: 12-28-09